# IN the MATTER OF the PETITION TO REVIEW STATE BAR BYLAW AMENDMENTS.

Supreme Court

*No. 86–1479–OA. Submitted on briefs April 1, 1987.—Decided June 24, 1987.*

(Also reported in 407 N.W.2d 923.)

For the petitioner there were briefs by *Steven Levine,* Madison.

For the respondent there was a brief by *Franklyn M. Gimbel,* president, *State Bar of Wisconsin,* Madison.

PER CURIAM. Twenty-five members of the State Bar petition this court to review a bylaw adopted by the Board of Governors of the State Bar to establish a procedure by which a member may challenge the amount of the "legislative activities" dues reduction

determined by the State Bar. The petitioners argue
that the procedure is unworkable and unconstitution-
al. We disagree.

On January 21, 1986, the court adopted a rule,
SCR 10.03(5)(b),[1] effective July 1, 1986, instituting a
dues reduction plan for State Bar members who object
to State Bar legislative activity.[2] This rule authorizes

---

[1]SCR 10.03(5)(b) states:

"(b) 1. In this paragraph, 'legislative activities' means
activities intended to advocate a position of the state bar with
respect to contemplated, pending or existing legislation. 'Legisla-
tive activities' does not include the review and analysis of
contemplated, pending or existing legislation not intended to
influence that legislation.

"2. Prior to the beginning of each fiscal year, the state bar
shall establish, as a part of its annual budget for that year, a
budget specifically for legislative activities for that year and shall
set forth in the dues statement it sends to its members for that
year each member's pro rata portion, according to class of
membership, of the amount budgeted for legislative activities.

"3. A member of the state bar may deduct from the
mandatory dues payable for each fiscal year the member's pro
rata portion of the amount budgeted for legislative activities, and
the state bar's established budget for legislative activities for each
fiscal year shall be reduced by the total amount of mandatory
dues deducted by members for that year.

"4. A member of the state bar not required to pay dues shall
be given the opportunity at the beginning of each fiscal year to
indicate on a form supplied by the state bar whether or not the
member approves of the state bar's legislative activities for that
year."

[2]This court adopted the dues reduction plan in response to
case law addressing the issue of an organization's use of mandato-
ry membership dues to support political or ideological activity to
which an individual member is or may be opposed. 112 Wis. 2d xiii
(1983). While not conceding that this case law was applicable to
the State Bar, the court considered a dues reduction plan, which
had been recommended by the court's State Bar Review Commit-
tee, "an acceptable and adequate response to any claimed infringe-

members to deduct from their dues prior to payment a pro rata portion of the amount budgeted by the State Bar for "legislative activities." The State Bar calculates the pro rata reduction amount and sets forth that amount on the annual dues statement it sends to members.

Concerned that SCR 10.03(5)(b) did not provide a mechanism to resolve any dispute with respect to the calculation of the dues reduction, the State Bar Board of Governors on April 18–19, 1986, adopted the procedure set forth in the bylaw now under review.

> **"Dues Reduction Arbitration.** (a)  The Executive Director shall take reasonable and necessary steps to provide members with adequate information about the permissible reduction of dues for legislative activities under SCR 10.03(5)(b). This information shall include details about the legislative activities budget and an identification of other State Bar expenditures which are not subject to the legislative activities dues reduction. The information shall also include the membership statistics and calculations for determining the per lawyer dues reduction for each class of State Bar member.
>
> "(b)  If a member of the State Bar objects to the amount of dues the State Bar indicates may be deducted under SCR 10.03(5)(b), the member may execute an agreement to submit the matter to arbitration on a form supplied by the State Bar or by any other means of written communication selected by the member. A member's agreement to arbitrate shall automatically invoke the State

ment on the [constitutional] rights of those association members who oppose the association's position on specific legislation." *Id.*, xxiv.

Bar's agreement to arbitrate. Following a request for arbitration, the procedure shall be as provided in Wisconsin Statutes Chapter 788. If the parties can agree on an arbitrator, such arbitrator shall proceed forthwith. Alternatively, a State Bar member may invoke the provisions for appointment of an arbitrator under Wisconsin Statutes Chapter 788 at any time, including the time of initiation. The State Bar shall at all times respond so as to enable a reasonably prompt decision by the arbitrator.

"(c) If the arbitrator's award permits the member to deduct a larger amount for legislative activities than had been indicated by the State Bar and if the member paid dues for the year in question prior to the arbitrator's award, the State Bar will return to the member the difference between the amount of the legislative activities deduction it had indicated and the amount of the arbitrator's award together with interest thereon from the date of the member's payment of dues at the judgment rate of interest provided by Wisconsin Statute 815.05(8).

"(d) State Bar Bylaw Article I, Section 5, shall remain in effect until the Wisconsin Supreme Court acts upon the subject it concerns." State Bar Bylaw, art. I, sec. 5.

The petitioners contend that this procedure does not meet the constitutional requirements of a dues arbitration procedure set forth in *Chicago Teachers Union, Local No. 1 v. Hudson,* 106 S. Ct. 1067 (1986). The State Bar argues that there is no constitutional requirement for an arbitration procedure in connection with the dues reduction plan, but if there were, the arbitration procedures it established by bylaw

meets the requirements set forth in *Chicago Teachers.* We agree with the position of the State Bar.

The *Chicago Teachers* case grew out of a dispute between a labor union and non-member employees who were receiving the benefit of the union's collective bargaining and contract administration efforts and, accordingly, were required to contribute to the cost of those activities by paying a share of union dues in proportion to the amount of dues spent on those activities. However, consistent with *Abood v. Detroit Board of Education,* 431 U.S. 209 (1977), the non-member employees had a constitutional right not to be required to pay for union activities unrelated to its duties as the employees' exclusive bargaining representative. At issue in *Chicago Teachers* was the adequacy of the union's procedure for determining the amount of dues non-member employees could constitutionally be required to pay.

In *Chicago Teachers,* the U.S. Supreme Court announced standards for the arbitration of disputes between a union and non-members required to make dues payments. Those standards set forth three requirements: 1) a reasonably prompt opportunity for a non-member to challenge before an impartial decisionmaker the amount of the required dues payment; 2) the escrow of dues already paid and reasonably in dispute while a challenge is pending; and 3) an adequate explanation by the union of the basis for the calculation of the dues payment required of non-members.

[1]

Assuming, *arguendo,* that the requirements of a constitutional arbitration procedure set forth in *Chicago Teachers* are applicable to the case before us, we conclude that the procedure established by State Bar

bylaw meets those requirements. It provides that a member "may invoke the provisions for appointment of an arbitrator under Wisconsin Statutes, Chapter 788, at any time ...." It further provides that "[t]he State Bar shall at all times respond so as to enable a reasonably prompt decision by the arbitrator." State Bar Bylaw, art. I, sec. 5(b). Accordingly, the procedure meets the first requirement.

■ With respect to the second requirement, the escrow of amounts in dispute, the procedure meets the policy objective of preventing the State Bar from having the use of an objecting member's money while an objection is being decided. Although State Bar dues are due and payable on July 1 each year (State Bar Bylaw, art. I, sec. 2), a member will not be suspended for nonpayment of dues until October 31 (SCR 10.03(6); State Bar Bylaw art. I, sec. 3(a)). Thus, a member is not required to pay dues before objecting to the amount of the dues reduction. Also, the procedure requires a response from the State Bar that affords a "reasonably prompt" decision by the arbitrator, from which we conclude that the procedure contemplates the resolution of objections within the time between the receipt of the annual dues statement and the date on which a member may be suspended for nonpayment of dues. We also note that the procedure provides that an objecting member who has paid dues prior to an arbitrator's award will receive interest at the statutory judgment rate on any overpayment if the arbitrator's award establishes that the legislative dues reduction should have been larger than that calculated by the State Bar.

The procedure also satisfies the requirement that adequate explanation of the calculation of the dues reduction be given to the members.

> "The Executive Director shall take reasonable and necessary steps to provide members with adequate information about the permissible reduction of dues for legislative activities under SCR 10.03(5)(b). This information shall include details about the legislative activities budget and an identification of other State Bar expenditures which are not subject to the legislative activities dues reduction. The information shall also include the membership statistics and calculations for determining the per lawyer dues reduction for each class of State Bar member." State Bar Bylaw, art. I, sec. 5(a).

While the State Bar was unable to provide all of the necessary information in advance of the member's election to reduce dues for the first fiscal year in which the dues reduction plan was in effect because of practical difficulties, the court is satisfied that this was due to the State Bar's first experience with the dues reduction and the arbitration procedure and that the specified information will be forthcoming in future years.

The petitioners further argue that the arbitration procedure is unworkable in that it provides for individual rather than class relief and fails to provide reimbursement of costs and expenses to members who bring a successful objection. These features do not render the procedure unworkable. These concerns are more appropriately addressed to the State Bar Board of Governors. It seems only reasonable that any

693

subsequent increase in the amount of a dues reduction as a result of arbitration should be available to all members who had initially elected to reduce their dues, and we note that there is nothing in the present bylaw to prevent this.

Finally, the petitioners have submitted as an alternative to the arbitration procedure a proposal for the court's appointment each year of an attorney to represent potential objecting members. That attorney could, at State Bar expense, question witnesses and employ an accountant to audit the organization's finances. The attorney would then make a report to this court and the court would hold a hearing in the matter. As a second alternative, the petitioners ask the court to make membership in the State Bar voluntary. Satisfied that the dues reduction arbitration procedure adequately serves the interests of the State Bar membership, we reject both alternatives.

The court directs the State Bar to propose additional provisions to the dues reduction arbitration procedure consistent with this opinion. That proposal shall be filed within such time as to provide interested persons, including the State Bar membership, adequate notice and opportunity to respond, and it shall be a subject of the public hearing to be held in the Supreme Court on October 13, 1987.